UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ENVIRONMENTAL, SAFETY &** <br> **HEALTH CONSULTING SERVICES** | **CIVIL ACTION NO. 13-cv-05747** |
| | **SECTION "C"** |
| **VERSUS** | |
| | **HON. HELEN BERRIGAN** |
| **CREST ENERGY PARTNERS, L.P.** | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# ORDER AND REASONS[1]

Before this Court is a Motion for Partial Summary Judgment pursuant to Fed. R. Civ. P. 56 by Plaintiff, Environmental, Safety & Health Consulting Services, Inc. ("ES&H"). This breach of contract action concerns an agreement between ES&H and Defendant, Crest Energy Partners, L.P. ("Crest"), whereby ES&H contracted to empty and clean a tank at Motiva Port Arthur refinery. In its motion ES&H alleges that Crest failed to pay three invoices totaling $205,040.00 for work completed by ES&H. Furthermore, ES&H alleges that Crest waived its right to withhold payment by failing to notify ES&H of its intent to withhold and the basis for withholding, as contractually required. Crest opposes this motion on the grounds that questions of material fact exist regarding (a) whether the invoices were adequate to trigger the notice requirement, and (b) whether the contract containing the notice requirement governs the matter at hand or whether a separate agreement applies.

The motion is before the Court on the briefs without oral argument. After reviewing the memoranda of the parties, the record in the case and the applicable law, the Court GRANTS partial summary judgment as set forth below.

---

[1] Hannah Adams, a third year law student at Northeastern University, helped prepare this order.

# I. FACTUAL BACKGROUND

The following facts are undisputed. Defendant Crest entered into a Master Service Agreement ("MSA") dated May 3, 2012 with Plaintiff ES&H that contemplated that ES&H would perform construction and other services for Crest on a job-by-job basis. Rec. Doc. 20-2 at 1; Rec. Doc. 1 at 2; Rec. Doc. 4 at 2. The MSA states that each job will be the subject of a Scope of Work ("SOW") which outlines the work to be performed; the job location; equipment, services, supplies, and personnel to be provided by ES&H; materials to be purchased by ES&H; and consideration to be paid. Rec. Doc. 20-2 at 2. Regarding payment, Paragraph 8.2 of the MSA states:

> Company shall have the right to withhold payment for invoiced amounts that Company in good faith disputes. Company and Contractor shall in good faith attempt to negotiate any disputes. The Company shall notify Contractor, in writing, of any withholding of payment within fifteen (15) days of invoice date. The notice shall indicate the specific amount(s) the Company intends to withhold, the reasons and contractual basis for the withholding(s), and the specific measure(s) Company requests that Contractor take to address the Company's concerns.

Rec. Doc. 20-2 at 6. The MSA further states, "Payments for Work past due more than five (5) days shall accrue interest from the due date to the date of payment at the rate of one and one half percent (1.5%) per month." *Id.*

ES&H completed work to clean and decontaminate storage tanks at the Motiva refining facility in Port Arthur, Texas, under two SOWs in May 2012 and July 2012. Rec. Doc. 1 at 3-4; Rec. Doc. 4 at 2. ES&H was paid in full for both jobs. *Id.* This suit concerns a third SOW, signed on October 22, 2012 ("the October SOW"), in which ES&H agreed to clean Tank 1564 at the Motiva facility. Rec. Doc. 1 at 4; Rec. Doc. 4 at 2. Problems and delays arose with the October job, and the parties dispute who was at fault. Rec. Doc 1 at 5; Rec. Doc. 4 at 3; Rec. Doc. 4 at 7-8; Rec. Doc. 38-5. ES&H invoiced Crest for work allegedly performed on Tank

1564. Rec. Doc. 20-5; Rec. Doc. 20-6 at 4-5. To date eight invoices remain unpaid. Rec. Doc. 2904 at 1. Three of these invoices are Invoice 1-29424 dated April 9, 2013 ($75,830.00), Invoice 1-29520 dated April 17, 2013 ($67,994.00), and Invoice 1-29552 dated April 24, 2013 ($61,216.00). Rec. Doc. 20-5 at 1-3. These invoices total $205,040.00.

Crest gave notice to ES&H of its dissatisfaction with the company's work on four occasions: May 13, 2013, May 17, 2013, June 27, 2013 and July 31, 2013. Rec. Doc. 38-5 at 2; Rec. Doc. 1 at 9; Rec. Doc. 4 at 5. On May 13, Jacob Feldman of Crest emailed Gerald Nelson of ES&H directing ES&H to demobilize their operation as fast as possible. Rec. Doc. 38-5 at 3. There is no mention of intent to withhold payment or grounds for withholding in the May 13 email. *Id.* On May 17, Henry Wuertz of Crest emailed Gerald Nelson of ES&H expressing general dissatisfaction with ES&H's progress and stating, "In reviewing the invoices, we are noticing a number of discrepancies including the daily rates deviating and the lack of supporting vacuum truck invoices for days we were billed. We need those invoices with the accompanying bills of lading to substantiate these amounts to Motiva." Rec. Doc. 38-5 at 17. There is no mention of intent to withhold payment in the May 17 email. *Id.* On June 27, 2013, Crest sent ES&H a letter stating that it did not intend to pay ES&H's outstanding invoices. Rec. Doc. 1 at 9; Rec. Doc. 4 at 5. Finally, on July 31, 2013 Crest sent ES&H a letter through its attorney stating its intent to withhold payment and reasons for withholding, namely ES&H's alleged failure to complete the project in a timely manner in accordance with the SOW. Rec. Doc. 38-5 at 36-37.

## II. LAW AND ANALYSIS

**A. Standard of Review**

### i. Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A fact is material if it would affect the outcome of the suit under the applicable law. *Fiess v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986)).

Where the moving party bears the burden of proof at trial as the plaintiff, or as a defendant asserting an affirmative defense, that party must support its motion with "credible evidence . . . that would entitle it to directed verdict if not controverted at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986). In such a case the moving party must "establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986); *see also Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 378 (5th Cir. 2011). Credible evidence may include depositions, documents, affidavits, stipulations, admissions, interrogatory answers, or other materials. Fed.R.Civ.P. 56(c). Moreover, in evaluating a motion for summary judgment by the party with the underlying burden of proof, the Court considers the substantive evidentiary burden of proof that would apply at the trial on the merits. *Anderson*, 477 U.S. at 252. The moving party's burden is therefore "understandably heavier" where that party is the plaintiff. *S. Snow Mfg. Co. v. Snow Wizard Holdings, Inc.*, 829 F. Supp. 2d 437, 447 (E.D. La. 2011).

Once the moving party has made its showing, the burden shifts to the non-moving party to produce evidence that demonstrates the existence of a genuine issue of fact. *Engstrom v. First Nat. Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322-24). All justifiable inferences are to be drawn in the non-moving party's favor. *Anderson*, 477

U.S. at 255. However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003) (internal citations omitted); *see also Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996) (stating that "mere conclusory allegations" are insufficient to defeat a motion for summary judgment). Though the Court may not evaluate evidence on a motion for summary judgment, the Court may make a determination as to the "caliber or quantity" of evidence as part of its determination of whether sufficient evidence exists for the fact-finder to find for the non-moving party. *Anderson*, 477 U.S. at 254. In the context of contract interpretation, "only when there is a choice of reasonable interpretations of the contract is there a material fact issue concerning the parties' intent that would preclude summary judgment." *Amoco Prod. Co. v. Texas Meridian Res. Exploration Inc.*, 180 F.3d 664, 669 (5th Cir. 1999)

### ii. Breach of Contract

Because this matter is in federal court under 28 U.S.C §1332, the underlying claim is governed by Louisiana contract law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). To determine state law, "federal courts sitting in diversity look to the final decisions of the state's highest court," or in the absence of a final decision, "it is the duty of the federal court to determine . . . how the highest court of the state would resolve the issue." *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003) (internal citations omitted). Paragraph 11 of the MSA confirms the applicability of Louisiana State Law. Rec. Doc. 20-2 at 10.

A breach of contract action has three elements under Louisiana law: (1) the obligor's obligation to perform, (2) the obligor's failure to perform, and (3) damages to the obligee

5

resulting from the obligor's failure to perform. *Favrot v. Favrot*, 68 So. 3d 1099, 1108-09 (La. App. 4 Cir. 2011), *writ denied*, 62 So. 3d 127 (2011) (internal citations omitted); *see also Andrepont v. Lake Charles Harbor & Terminal Dist*., 602 So. 2d 704, 709 (La. 1992) (citing La Civ. Code. art. 1994 for the premise that "[a]n obligor is liable for the damages caused by his failure to perform a conventional obligation."). Moreover, summary judgment is only appropriate if ES&H has presented sufficient credible evidence to prove that there is no issue of material fact as to any of the three elements of the underlying contract claim. *Fontenot*, 780 F.2d at 1194.

**B. Analysis**

In the present case, ES&H moves for partial summary judgment with regard to Crest's nonpayment of three invoices: I-29424, I-29520 and I-29552. ES&H argues that these three invoices were not timely disputed by Crest, and therefore Crest waives its right to withhold payment under Paragraph 8.2 of the MSA. Rec. Doc. 20-7 at 4. Crest claims in response that two factual issues exist that make summary judgment inappropriate. First, Crest alleges that there is a factual dispute as to whether the May 3, 2012 MSA controls the October SOW, because the SOW references an October 22, 2012 MSA as its governing document.[2] Rec. Doc. 32 at 2, 8-9. ES&H counters that this is a mere typographical error. Rec. Doc. 38 at 4. Second, Crest alleges that there is a factual dispute as to whether the invoices in question are sufficient to trigger the notice clause in Paragraph 8.2, stating that they were provided without supporting documentation and thus do not meet the industry standard. Rec. Doc. 32 at 1, 4-7. ES&H argues that it did provide supporting document, and regardless, that the proper manner of contesting the validity of the invoices was to ask for additional documentation or provide notice of intent to

---

[2] The October 22, 2012 SOW states, in pertinent part, "Related Agreement: Master Service Agreement dated October 22nd, 2012." Rec. Doc. 20-3 at 1.

withhold in accordance with Paragraph 8.2.  Rec. Doc. 38 at 2-3.

This Court finds that no issue of material fact exists regarding the essential elements of the ES&G's breach of contract claim, which in this motion is limited to the nonpayment of invoices I-29424, I-29520 and I-29552.

### i. Obligation to Perform

The parties are in agreement that they entered into a MSA on May 3, 2012, and in doing so undertook various obligations to perform.  Rec. Doc. 1 at 2; Rec. Doc. R at 2.  The MSA is a "master contract" between the two parties.  Rec. Doc. 20-3 at 1.  Therefore, under Louisiana law, the MSA has "the effect of law for the parties."  La. C.C. art. 1983.  Under the terms of the MSA, Crest was obligated to pay amounts invoiced by ES&H, except in the case of good faith disputes where Crest was obligated to notify ES&H of its intent to withhold and the nature of its dispute within fifteen days of the invoice date.  Rec. Doc. 20-2 at 6.

The relevant question of fact is whether the October 22, 2012 SOW was issued pursuant to the May 12, 2012 MSA, such that ES&H has demonstrated its entitlement to recover for the invoices submitted.  Assuming the plaintiff has the burden to prove the existence of a typographical error in the October SOW's description of the relevant MSA (by clear and convincing evidence or otherwise) in order to recover, plaintiff has made such a showing.  *See Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 275 (where plaintiff seeks equitable reformation of a contract to eliminate a typographical error, the question is whether the plaintiff has or has not shown such an error by clear and convincing evidence).

Under Louisiana law, parol evidence is admissible to show the existence of a typographical error.  La. C.C. art. 1848; *Phillips Oil Co.*, 812 F.2d at 275.  In this case, ES&H's Senior Project Manager has declared under penalty of perjury that the May 2012 MSA is the

7

only agreement between the parties at all times relevant to this lawsuit. Rec. Doc. 38-1 at 1.

Further, in response to ES&H's interrogatory seeking a list of "every occasion on which Crest gave ES&H written notice of any fault or defect in the work pursuant to Paragraph 8.2 of the [May 2012] MSA," Crest identified three letters in which it complained of work done on Tank 1564. Rec. Doc. 38-5 at 2-40. Moreover, Crest in effect admitted that the May 3, 2012 MSA governed the October SOW by failing to deny such allegations in its answer to ES&H's original complaint.[3] Fed.R.Civ.P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied") (cited in *Hall v. Aetna Cas. & Sur. Co.*, 617 F.2d 1108, 1111 (5th Cir. 1980) for the premise that where Plaintiff alleged applicability of insurance policy in complaint, and Defendant failed to deny coverage in answer, the effect was to admit the allegation); *see also Sinclair Ref. Co. v. Howell*, 222 F.2d 637, 639 (5th Cir. 1955) (where Plaintiff alleged inapplicability of Workmen's Compensation Law in complaint, and Defendant failed to deny the law's inapplicability in answer, the effect was to admit the allegation). There is no dispute that ES&H performed work on Tank 1564 pursuant to the October 22, 2012 SOW. Rec. Doc. 20-3 at 1. Thus, Crest has admitted, albeit implicitly, that the May 2012 MSA applies to the October 2012 SOW.

Crest seeks to counter this evidence by arguing that ES&H must come forward with a

---

[3] In Paragraph 15 of its Complaint ES&H alleges, "In October 2012, ES&H and Crest entered into a third Scope of Work pursuant to the [May 3, 2012] MSA." Rec. Doc. 1 at 4. In its answer, Crest admits "that it entered into a third scope of work with the plaintiff as alleged in Paragraph 15 of Plaintiff's Original Complaint," but fails to admit or deny that it was pursuant to the MSA. Rec. Doc. 4 at 2. Similarly in Paragraph 37 of its Complaint ES&H alleged, "Paragraph 8.2 of the MSA gave Crest the right to withhold payment for invoiced amounts in the event of a good faith dispute. However the MSA required Crest to notify ES&H of its intent to withhold payment on any invoice within fifteen (15) days of the invoice date." Rec. Doc. 1 at 7. In its answer, Crest admits "that it withheld amounts due to a good faith dispute," but fails to admit or deny that it was required to notify ES&H of its intent to withhold pursuant to Paragraph 8.2 of the MSA. Rec. Doc. 4 at 4.

separate October 22, 2012 MSA in order to recover. Rec. Doc. 32. However, none of the evidence presented supports the existence of such an agreement. The bare assertion that a separate October 22, 2012 MSA exists is insufficient to defeat ES&H's otherwise properly supported motion for summary judgment. *Anderson*, 477 U.S. at 247-48.

### ii. Failure to Perform

There is also no factual dispute as to Crest's failure to perform its obligation. Both parties agree that Crest received invoices I-29424, I-29520 and I-29552, and did not pay them. Rec. Doc. 20-6 at 3; Rec. Doc. 20-4 at 1. Crest further admits that the first time it raised concerns about ES&G's performance in writing was on May 13; on another occasion Crest stated that its first written notice was on May 17. Rec. Doc. 20-6 at 14; Rec. Doc. 20-6 at 6. Crest did not actually explicitly state its intent to withhold and supporting reasons until the June and July letters. Rec. Doc. 38-5 at 36-37; Rec. Doc. 1 at 9; Rec. Doc. 4 at 5. Under the terms of the MSA, Crest was obligated to inform ES&G of its intent to withhold payment of invoices I-29424 (April 9, 2013), I-29520 (April 17, 2013), and I-29552 (April 24, 2013) within fifteen days of the invoice date, or by April 24, May 2, and May 9, 2013 respectively. Rec. Doc. 20-2 at 6. Crest failed to provide any written notice of dissatisfaction until 19 days after the last of the three invoices, and the company failed to provide explicit notice of intent to withhold with supporting reasons until, at best, 64 days after the last invoice. Thus, there is no factual dispute as to whether Crest failed to perform its obligation under the MSA.

Crest counters ES&H's evidentiary showing by alleging that the insufficiency of ES&G's invoices presents a question of fact as to whether they trigger the notice requirement in Paragraph 8.2 of the MSA. Specifically, Crest argues that the lack of definition of the term "invoice" inserts sufficient ambiguity into the contract to pose a genuine question for a fact-

finder. However, this is a question of contractual interpretation where there is only one reasonable reading, and therefore it remains an issue of law for the Court. *Amoco Prod. Co.*, 180 F.3d at 669. Paragraph 8.2 refers to "invoice" and "invoiced amounts," and does not state that invoices must be drawn up in accordance with the industry standard in order to implicate the notice requirements. In Louisiana, "[t]he words of a contract must be given their generally prevailing meaning, and when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the intent of the parties." *Lewis v. Hamilton*, 652 So. 2d 1327, 1329 (1995) (citing La. Civ. Code arts. 2045-2047). The generally prevailing meaning of "invoice" is a request for payment in exchange for goods or services provided. The documents in question, even if they were provided without supporting documentation as Crest alleges, are clearly labeled with the word "invoice," and represent invoices according to the prevailing meaning of that term. Rec. Doc. 20-5 at 1-3.

Furthermore, in its responses to Plaintiff's Request for Admission No. 1, 3, and 5, Crest admitted that it "received *an invoice*" dated April 9, 2013, April 17, 2013, and April 24, 2013, though Crest denied the allegation that it was obligated to pay said invoices. Rec. Doc. 20-6 at 3. (emphasis added). Our case law clearly holds that "[s]ince Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted, they cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record." *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001) (citing *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir.1985)). Crest's admissions that it received the *invoices* in question are conclusive, and cannot be overcome at the summary judgment stage by oral testimony Crest submitted stating that the documents do not constitute invoices according to industry standards. In sum, there is no factual dispute regarding the applicability of the notice

requirement in Paragraph 8.2, and Crest's failure to comply with its contractual obligation under this provision.

### iii. Damages

Finally, there is no dispute as to whether ES&G incurred damages due to Crest's failure to either pay the three invoices in question, or timely contesting their validity. ES&G has provided supporting documentation containing a detailed breakdown of work completed and expenses accrued, totaling $205,040.00 for invoices I-29424, I-29520 and I-29552. Rec. Doc. 38-3.

Crest again counters ES&G's evidentiary showing by alleging that a factual dispute exists regarding the validity of these invoices. Crest disputes that (a) the invoices accurately reflect work actually performed by ES&H, and (b) the invoices were sent with sufficient supporting documentation. Rec. Doc. 30-6 at 3-4; Rec. Doc. 32-2. However, this factual dispute is insufficient to defeat summary judgment because the validity of the invoices is immaterial to the outcome of the case under the applicable law. *Fiess*, 392 F.3d at 807. In this case, the applicable law is the May 3, 2012 MSA, as enforced by Louisiana contract law. *See* La. Civ. Code art. 1983 (stating that contracts have "the effect of law for the parties"). Under the terms of the MSA, Crest waived its right to dispute the validity of the invoices by failing to provide timely notice of intent to withhold payment as contractually required. Therefore, the question of whether the invoices are valid or invalid is irrelevant; the invoiced amounts are due because Crest failed to contest them in a timely manner. This Court need not consider the factual questions of the validity of the invoices or the quality of work performed because these issues are immaterial to the outcome of the case.

## C. Conclusion

In short, the terms of the MSA are clear and unambiguous. By entering into the MSA, Crest agreed to pay the invoiced amounts, or in the event of a good faith dispute, to notify ES&G of its intent to withhold payment within fifteen days of the invoice date. There is no genuine factual dispute that (a) Crest was obligated to perform under the MSA, (b) Crest failed to pay the invoices or timely contest their contents, and (c) this failure to remit payment caused damage to the ES&G. ES&G has therefore met its burden with regard to each essential element of its breach of contract claim. Factual disputes about the validity of invoices I-29424, I-29520 and I-29552 are immaterial because Crest waived its right to challenge the validity when it failed to comply with the procedure set forth in the MSA. Moreover, Crest has failed to make a sufficient evidentiary showing to support its allegations that the insufficiency of the invoices, and the reference to an October MSA, create genuine issues of material fact.

Accordingly,

IT IS ORDERED that the motion for partial summary judgment filed by the defendants is GRANTED.

New Orleans, Louisiana this 18th day of September, 2014.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**