**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ENVIRONMENTAL, SAFETY &**
**HEALTH CONSULTING SERVICES**

**CIVIL ACTION NO. 13-cv-5747**

**VERSUS**

**SECTION "C"**

**CREST ENERGY PARTNERS, L.P.**

**HON. HELEN BERRIGAN**


**ORDER AND REASONS**

Before this Court are two Motions for Summary Judgment by plaintiff, Environmental, Safety & Health Consulting Services, Inc. ("ESH"). The first motion seeks summary judgment as to ESH's claims against defendant, Crest Energy Partners, L.P. ("Crest"), and the second motion seeks summary judgment as to Crest's counterclaims against ESH. Rec. Docs. 44, 45. Also before the Court are Crest's briefs in opposition to both motions, and ESH's reply briefs. Rec. Docs. 49, 50, 51-2, 52-2.

The motions are before the Court on the briefs without oral argument. After reviewing the memoranda of the parties, the record in the case and the applicable law, the Court grants ESH's motions as set forth below.

**I.     FACTUAL BACKGROUND**

This dispute arises out of Crest's purported failure to pay eight invoices for ESH's work in emptying and decontaminating storage tanks for Crest. The Court has already

granted summary judgment to ESH in connection with three of the invoices. Rec. Doc. 39. As discussed in detail in the Court's Order and Reasons of September 18, 2013, the contract governing this work, known as the Master Service Agreement ("MSA") provided that each job by ESH would be the subject of a Scope of Work ("SOW") which would describe the work to be performed; the job location; equipment, services, supplies, personnel to be provided by ESH, materials to be purchased by ESH, and consideration to be paid. Rec. Doc. 20-2.

The MSA further provided that in the event that Crest wished to withhold payment due to a good faith dispute:

> The Company [Crest] shall notify Contractor [ESH], in writing, of any withholding of payment within fifteen (15) days of invoice date. The notice shall indicate the specific amount(s) the Company intends to withhold, the reasons and contractual basis for the withholding(s), and the specific measure(s) Company requests that Contractor take to address the Company's concerns.

Rec. Doc. 20-2 at 6.

In late May 2012, the first SOW was issued and ESH began the agreed upon work. Rec. Doc. 1 at 9. After successfully cleaning and decontaminating two tanks and being paid in full, on October 22, 2012 Crest issued a third SOW for the cleaning of Tank 1564 ("October SOW"). Rec. Doc. 45-8. Work on Tank 1564 was divided into two phases. In Phase I, also known as the "pump-down phase", ESH was to remove liquids from the tank. In Phase II, ESH was to remove and clean out the sludge and solids remaining in the tank. Rec. Doc. 49-10 at 5.

The Court previously ruled that the MSA and October SOW governed the work done by ESH in connection with Tank 1564 and Crest's payment on any invoices issued for such work. Rec. Doc. 39 at 8. Under the October SOW, ESH was to invoice Crest for

completed work every two weeks, and Crest's payment was due fifteen days from the invoice date. Rec. Doc. 45-8. ESH issued the invoices in dispute on May 2, May 10, May 15, May 28, and May 29, 2013. Rec. Doc. 44-5. The parties agree that Crest expressed in writing its dissatisfaction with the pace and quality of ESH's work on four occasions: May 14, 2013; May 13, 2013; June 27, 2013, and June 27, 2013. Rec. Doc. 44-6. The Court previously found that the first time that Crest stated its intent to withhold payment was on June 27, 2013. Rec. Doc. 39 at 9.

ESH now moves for summary judgment on its claim for breach of contract on the remaining five invoices, arguing that Crest has shown no issues of material fact regarding its obligation to pay these invoices. Rec. Doc. 44. ESH also moves for summary judgment to dismiss Crest's counterclaim of breach of contract and fraudulent inducement. Rec. Doc. 45.

## II.      STANDARD OF REVIEW

### a.  Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  A fact is material if it would affect the outcome of the suit under the applicable law.  *Fiess v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986)).  Where the moving party bears the burden of proof at trial as the plaintiff, or as a defendant asserting an affirmative defense, that party must support its motion with "credible evidence . . . that would entitle it to directed verdict if not controverted at trial." *Celotex Corp. v. Catrett*,

477 U.S. 317, 331 (1986).  In such a case the moving party must "establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986); *see also Access Mediquip L.L.C. v. United Healthcare Ins. Co.*, 662 F.3d 376, 378 (5th Cir. 2011). Credible evidence may include depositions, documents, affidavits, stipulations, admissions, interrogatory answers, or other materials.  Fed.R.Civ.P. 56(c).  Moreover, in evaluating a motion for summary judgment by the party with the underlying burden of proof, the Court considers the substantive evidentiary burden of proof that would apply at the trial on the merits.  *Anderson*, 477 U.S. at 252.   The moving party's burden is therefore "understandably heavier" where that party is the plaintiff.  *S. Snow Mfg. Co. v. Snow Wizard Holdings, Inc.*, 829 F. Supp. 2d 437, 447 (E.D. La. 2011).

Once the moving party has made its showing, the burden shifts to the non-moving party to produce evidence that demonstrates the existence of a genuine issue of fact. *Engstrom v. First Nat. Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322-24).  All justifiable inferences are to be drawn in the non-moving party's favor.  *Anderson*, 477 U.S. at 255.  However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003) (internal citations omitted).  Though the Court may not evaluate evidence on a motion for summary judgment, the Court may make a determination as to the "caliber or quantity" of evidence as part of its determination of whether sufficient evidence exists for the fact-finder to find for the non-moving party.  *Anderson*, 477 U.S. at 254.

**b. Breach of Contract**

As a federal court considering a claim brought under 28 U.S.C. §1332, the Court must apply state law, looking to the "final decisions of the state's highest court" or, in the absence of a final decision, to determine "how the highest court of the state would resolve the issue." *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003) (internal citations omitted). Paragraph 11 of the MSA confirms the applicability of Louisiana State Law. Rec. Doc. 20-2 at 10. Louisiana law provides that "when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code Art. 2046. Moreover, "only when there is a choice of reasonable interpretations of the contract is there a material fact issue concerning the parties' intent that would preclude summary judgment." *Amoco Prod. Co. v. Texas Meridian Res. Exploration Inc.*, 180 F.3d 664, 669 (5th Cir. 1999).

**III.   LAW AND ANALYSIS**

**a. Crest's claims against ESH**

   *1.   Timing of the motion for summary judgment*

As an initial matter, in its opposition Crest submits that the timing of the instant motion for summary judgment is premature under Federal Rule of Civil Procedure 56(b) and therefore the Court must defer consideration of the motion, deny the motion, or allow time for further discovery. Rec. Doc. 49 at 4. Crest claims such measures are necessary

because it must depose additional ESH employees who may provide information relevant to its opposition of this motion. *Id.*

Rule 56(b) provides that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Rule 56(d) further provides that the court may defer or deny a motion, or allow more time to take discovery "[i]f the nonmovant shows by affidavit or declaration that it cannot present facts essential to justify its opposition." The Fifth Circuit requires parties seeking a continuance of a motion for summary judgment to "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010).

Here, Crest states that it desires to depose additional ESH employees. However, it has not made the showing required to justify a continuance. Crest has not specified what facts it expects to adduce from the ESH employees or set forth a plausible basis for believing that these facts would influence the pending motion. Crest has also failed to provide affidavits or declarations in support of its position. Accordingly, the Court will neither deny nor postpone consideration of the instant motion on this ground.

2. *Fraudulent Inducement*

ESH seeks summary judgment on Crest's claim of fraudulent inducement. In its answer, Crest has counter-claimed that ESH "fraudulently induced Crest into entering into and prolonging the Contract." Rec. Doc. 4 at 8-9. Crest claims that ESH misrepresented that its engineering process was "sufficient to remove all of the bottom

material from the tank within 154 days" although it knew that the process was in fact insufficient, and that Crest relied upon this representation to its detriment. *Id.*

To prevail on a claim of fraudulent inducement, the party bringing the claim must show that (1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; and (3) the error induced by a fraudulent act must relate to a circumstance substantially influencing the victim's consent to the contract. *See Shelton v. Standard/700* Associates, 798 So.2d 60, 64 (La. 2001). *See also*, LSA-C.C. Art. 1953.

ESH argues that Crest has not met its burden of showing that ESH acted with the intent to defraud when it represented that its engineering process was adequate for removing the bottom material from Tank 1564. Rec. Doc. 45-1 at 9. ESH contends that it believed its engineering process was adequate for the job, citing to statements made in deposition by Jerry Nelson, who prepared the SOW for Tank 1564. *Id.* In his deposition, Nelson stated that he believed at the time of creating the budget estimate that ESH could remove 22,000 barrels of sludge solids from Tank 1564 in thirty days. Rec. Doc. 45-9. ESH also points to invoices it submitted to Crest for the removal of over 33,219 barrels of material from Tank 1564. Rec. Doc. 45-10. In its opposition brief, Crest has not responded to these arguments or pointed to any admissible evidence to suggest that ESH intentionally misrepresented the efficacy of its engineering process.

The Fifth Circuit has held that "[g]enerally there is no inference of fraudulent intent not to perform from the mere fact that a promise made is subsequently not performed." *United States v. Shah*, 44 F.3d 285, 293 (5th Cir. 1995). *See also*, *U.S. ex rel Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 386 (5th Cir. 2003).

Instead, only when "substantial nonperformance is coupled with other probative factors" may an intent not to perform "in appropriate circumstances, be properly inferred." *Willard*, 336 F.3d at 386. Here, Crest has merely alleged intent, without showing probative factors to allow the Court to infer an intent not to perform. Thus, even if ESH did promise to complete work on Tank 1564 within 154 days, Crest has not shown that it made such a promise fraudulently. Accordingly, Crest's claim of fraudulent inducement is DISMISSED.

### 3.   *Crest's Breach of Contract Claim against ESH*

The elements of a breach of contract claim are (1) the obligor's obligation to perform, (2) the obligor's failure to perform, and (3) damages to the obligee resulting from the obligor's failure to perform. *Favrot v. Favrot*, 68 So. 3d 1099, 1108-09 (La. App. 4 Cir. 2011), *writ denied*, 62 So. 3d 127 (2011) (internal citations omitted). Crest claims that ESH breached its contract with Crest by failing to remove 33,000 barrels of bottom material from Tank 1564 within 154 days. Rec. Doc. 4 at 8. ESH moves for summary judgment to dismiss this claim, arguing that neither the MSA nor the SOW provided for a fixed time period in which the work had to be completed, and that there was thus no obligation to complete work on Tank 1564 in a prescribed period of time. Rec. Doc. 45-1 at 6.

The Court has previously held that the MSA governs as law between the parties and applies to the October 2012 SOW. Rec. Doc. 39. The MSA does not provide for specific time periods in which jobs must be completed. Rather, it allows—but does not require—schedules to be set forth in the SOW. For example, the MSA provides that

"[e]ach job shall be the subject of an order for work issued by Company to Contractor
(the 'Scope of Work')." Rec. Doc. 45-5 at 2. Regarding the time for commencing and
completing work, the MSA requires the contractor (ESH) to:

> use its best efforts to commence and complete said Work within the times
> specified in the Scope of Work. If no commencement date is specified, Contractor
> agrees to use its best efforts to commence said Work at the time requested by
> Company. If no completion date is specified, Contractor agrees to complete said
> work with due diligence and in a timely manner.

Based on these provisions, the Court finds that ESH was not under an obligation to
complete work on Tank 1564 within a strict timeframe of 154 days or otherwise. Rather,
ESH was obligated to use its "best efforts" and act with "due diligence and in a timely
manner" to complete the work within the timeframe estimated in the October SOW.
Although the October SOW estimated a timeframe, the clear language of the MSA
specifies that "nothing in any Scope of Work shall modify or change the terms contained
in this Agreement." Rec. Doc. 45-5 at 2. The Court is further convinced by the prior
conduct of the parties. Both ESH and Crest acknowledge that ESH's work on Tank 1651
and Tank 1853 took longer than ESH's original estimate. Rec. Doc. 45-2. Therefore, the
Court DISMISSES Crest's claim that ESH breached the MSA by failing to remove
33,000 barrels of bottom material within 154 days.

Moreover, the Court finds that even under a general breach of contract claim,
Crest has not shown issues of material fact regarding ESH's performance. The Court
finds that in the event of a good faith dispute, Crest was obligated to follow the
requirements of paragraph 8.2 of the MSA, which allowed Crest to state its intent to
withhold payment and to delineate how ESH could come into compliance with its
contractual obligations. Louisiana courts have held that when a contract clearly provides

a remedy in the form of notice and opportunity to cure, that the parties must abide by its requirements. For instance, in *Taylor v. Manuel*, Louisiana's Third Circuit Court of Appeal considered a dispute between a lessor and lessee whose lease contract provided that the lessor give written notice of lessee's violation of the lease conditions and a fifteen day opportunity to remedy the violation. 799 So.2d 812, 815 (La. App. 3 Cir. 2001). The court reversed the trial court's finding of breach by the lessee because "he was denied the opportunity to remedy the alleged breach as provided in the contract." *Id*. Here, by failing to give written notice in the manner required by the MSA, Crest similarly forfeited its right to claim a breach of contract by ESH. Because Crest has not shown that there was a breach of an obligation to perform, Crest's claim against ESH is DISMISSED.

### b. ESH's claims against Crest

ESH also moves the Court to grant summary judgment in its favor on its claim for breach of contract. ESH asserts that there is no genuine issue for trial regarding its entitlement to be paid for the remaining five invoices of the eight invoices originally at dispute in this case. Rec. Doc. 44-1 at 4.

As discussed above, to prevail on a breach of contract claim, a party must show (1) the obligor's obligation to perform, (2) the obligor's failure to perform, and (3) damages to the obligee resulting from the obligor's failure to perform. *Favrot*, 68 So. 3d at 1108-09. According to ESH, under the MSA, Crest was obligated to notify ESH of its intent to withhold payment for any invoice amount within fifteen days of the invoice date. Rec. Doc. 44-1 at 5. Otherwise, it was obligated to pay the amount invoiced. ESH

argues that Crest did not explicitly state its intent to withhold payment until June 12, 2013. *Id.* at 5-6. As a result, ESH has not been paid $259,999.00 as well as interest, costs and attorneys' fees. *Id*. at 7. In response, Crest argues that there remain issues of material fact regarding whether ESH failed to perform its obligation under the MSA and October SOW to timely remove sludge and solids from Tank 1564, whether it had any intention of doing so, and whether it performed its work with "due diligence and in a timely manner" as required by the MSA. Rec. Doc. 50 at 4, 11. Crest does not dispute that the invoices were not paid. Crest also does not dispute that it did not state its intent to withhold payment until June 12, 2013.

The Court finds that ESH is entitled to summary judgment as a matter of law. The Court has previously found that Crest was obligated to give notice of its intent to withhold payment within 15 days of the invoice date. Rec. Doc. 39. The five disputed invoices were dated as follows:

- May 2, 2013
- May 10, 2013
- May 15, 2013
- May 28, 2013
- May 29, 2013

Rec. Doc. 44-5. Crest gave written notice to ESH of its dissatisfaction with ESH's work on the following dates:

- May 14, 2013
- May 17, 2013
- June 27, 2013
- July 31, 2013

Rec. Doc. 44-6. However, as the Court has previously noted, Crest did not state its intent to withhold payment until June 27, 2013. Rec. Doc. 44-6 at 5-6; Rec. Doc. 39 at 3.

The Court is bound to honor the clear and explicit terms of the MSA. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code Art. 2046. Because the parties specifically contracted for written notice within fifteen days if Crest intended to withhold payment, the Court finds that Crest breached the MSA by withholding payment on the five invoices dated between May 2, 2013 and May 29, 2013. If Crest had wanted to withhold payment on these invoices, it was bound to follow the terms of the MSA by giving timely written notice.

Finally, Crest does not dispute that ESH has suffered damages because of Crest's refusal to pay the five invoices in question or, alternatively, to timely contest their validity. The five invoices show that ESH is entitled to $259,999.00—the total of the unpaid invoices. Rec. Doc. 44-5. Under the MSA, ESH is also entitled to interest accruing from the due date to the date of payment. Rec. Doc. 44-4 at 6. Thus, the Court finds that summary judgment in favor of ESH on its claim for breach of contract against Crest is warranted.

Accordingly, IT IS ORDERED that ESH's Motion for Summary Judgment on ESH's Claims against Crest (Rec. Doc. 44) and Motion for Summary Judgment on Crest's Claims against ESH (Rec. Doc. 45) are GRANTED.

IT IS FURTHER ORDERED that judgment be entered in favor of ESH.

New Orleans, Louisiana this 19th day of May, 2015

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**